UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTEN G. MOORE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11CV2132 RWS |
| CCB CREDIT SERVICES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Christen Moore's complaint asserts claims under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 against Defendant CCB Credit Services, Inc. Moore alleges that CCB called her on her cellular phone to collect a debt. She alleges that CCB placed numerous calls to her cell phone in violation of the FDCPA and the TCPA. CCB has moved for summary judgment asserting that the undisputed facts entitle it to a judgment as a matter of law. Because Moore's FDCPA claims fail as a matter of law, I will grant CCB's motion for summary judgment on those claims. However, I find that an issue of fact precludes summary judgment on Moore's FCPA claim. In the interest of judicial economy, I propose that the parties submit this claim to the Court for a trial on the record.

*Background*

Plaintiff Moore incurred a past due account with Laclede Gas Company. According to Laclede's records, on August 24, 2009, Moore called Laclede to discuss her account. Laclede's records indicate that Moore called Laclede and her cell phone number ending in 4195 was provided to Laclede as her contact number. On May 9, 2011, Laclede placed Moore's past due

account with Defendant CCB for collection. Laclede provided CCB with Moore's cell phone number as the contact number. CCB transmitted the information regarding the account to DANTOM Systems, Inc. that mails CCB's notices of debt collection letters.

On May 10, 2011, DANTOM's records indicate that it prepared a letter from CCB to Moore informing her that the Laclede account had been placed with CCB for collection and that total amount Moore owed was $371.46. The letter included the validation of debt language required by § 1692g of the FDCPA. The letter was collected by the U.S. Postal Service on May 11, 2011.

In her complaint, Moore alleges that CCB violated the FDCPA by: (1) failing to provide Moore with a validation / dispute notice as required by 15 U.S.C. § 1692g; (2) causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number in violation of § 1692d(5); (3) engaging in conduct the natural consequence of which is to harass, oppress, or abuse Moore in connection with the collection of the debt in violation of § 692d; and (4) causing charges to be made to Moore for communications by concealment of the true purpose of the communication in violation of § 1692f(5).

Moore's complaint also alleges that CCB violated the TCPA by using an automatic dialing system to place non-emergency calls to Moore's cellular phone without her express consent causing Moore to be charged for incoming calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii)[1].

CCB has moved for summary judgment on the complaint which Moore opposes.

---

[1] This section of the statute bars making a call using "any automatic telephone dialing system or an artificial or prerecorded voice ..." without express prior consent to a cell phone in which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii).

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

*Moore's claims under the FDCPA*

*Notice of rights of debtor*

Moore alleges that CCB violated the FDCPA by failing to provide Moore with a debt collection notice of her rights regarding her delinquent account with Laclede.  CCB has filed an affidavit of Bob Flynn, the Chief Financial Officer of DANTON Systems.  Flynn states that DANTON's records indicate that it sent out a debt collection letter to Moore on May 11, 2011. A copy of the letter is attached to Flynn's affidavit.  The letter contains all of the validation notice language required by § 1692g including the name of the creditor to whom the debt is

owed, the amount of the debt, and Moores's rights to dispute the debt.

Moore asserts that she did not receive this letter. However, the FDCPA only requires that the debt collector send the notice, it does not require the debt collector to establish a receipt of the notice by the debtor. The "debt collector...shall send the consumer a written notice containing...." 15 U.S.C. § 1692g. See Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1992)(statute of limitations begins to run a the time the debt collector places its communication in the mail not at the time that the debtor receives it); Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1201 (9th Cir. 1999)(section 1692g only requires that  a validation of debt notice be sent to the debtor not that it must be received by the debtor).

Moore responds to this evidence by challenging Flynn's affidavit. Moore asserts that Flynn statements regarding the validation letter cannot be relied upon because Flynn does not qualify as a custodian of records with knowledge of how records are maintained at DANTOM. She also asserts that the letter is inadmissible hearsay. Moore's arguments are without merit.

Flynn's affidavit states that he is the CFO of DANTOM. He states that he has personal knowledge of the procedures through which the company receives account information from CCB and how DANTOM then prepares correspondence based on the information provided by CCB, and how the correspondence is placed in the mail. Flynn states that DANTOM's records indicate that the letter at issue was placed in the mail and collected by the U.S. Postal Service on May 11, 2011.

Under Fed. R. Civ. P. 56(c)(B)(4) an affidavit may be used to support a motion for summary judgment if the statements are made based on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated.

Moore asserts that Flynn is not competent to offer evidence because he did not state that he has personal knowledge that the letter was actually sent to Moore and he does not state that DANTOM's procedures were actually followed in sending the letter. Rule 56(c)(B)(4) does not require that the affiant actually perform every task which is recorded in the affidavit. Lynn's position with DANTON, his familiarity with its procedures, and his review of the company's records satisfy the requirements of Rule 56(c)(B)(4). Baker v. Veneman, 256 F. Supp.2d 999, 1005 (E.D. Mo. 2003) ("It appears to the Court that Mr. Arnold based his Declaration upon his review of the loan files and his experience as a Farm Loan Manager. His statements are therefore based upon his personal knowledge and are not inadmissible hearsay."). I find that Flynn's affidavit is based on his personal knowledge and is not inadmissible hearsay.

Attached to Flynn's affidavit is the collection letter DANTOM sent to Moore on May 11, 2011. Moore asserts that this document is inadmissible as a business record under the hearsay exception provided by Fed. R. Evid. 803(6). Moore argues that Lynn's affidavit fails to expressly state the requirements of the rule. Moore asserts that these requirements could have been easily stated by Lynn in his affidavit and his failure to express them defeats the offer of the letter under the business record exception.

A foundation to the business record exception rule "may be supplied by a custodian of records or 'other qualified witness' who has no personal knowledge regarding the creation of the document. Foundation under Rule 803(6) may also be established by circumstantial evidence, or by a combination of direct and circumstantial evidence." United States v. Kail, 804 F.2d 441, 448 -449 (8th Cir. 1986)(internal citation omitted). I find that Flynn is a qualified witness and that the circumstantial evidence and affidavit of Flynn establishes that the letter was generated as part of DANTOM's regular practice on May 10, 2011 and that the record of the letter meets the

conditions set forth in Rule 803(6).[2]

As a result, I find that CCB is entitled to summary judgment on Moore's claim that CCB failed to send her a proper debt collection validation notice.

*Claims of harassment*

Moore claims that CCB violated the FDCPA by her cell phone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number in violation of § 1692d(5) and engaging in conduct the natural consequence of which is to harass, oppress, or abuse Moore in connection with the collection of the debt in violation of § 1692d.

It is undisputed that CCB made 65 calls to Moore's cell phone over a five month period between May 10, 2011 and September 30, 2011. Moore never answered any of these calls. [Doc. # 30, Ex. C, Pl.'s Dep. at 31-33] Moore never spoke to a CCB representative. Moore states that CCB never left her any rude or offensive messages. [Id. at 41] Moore did not return CCB's calls because she assumed it was a debt collector and she did not have any money to pay them. [Id. at 32] When CCB placed calls to Moore she could see the calling number on her phone's display screen. [Id. at 41]

Moore does not offer any evidence that CCB was causing her phone to ring repeatedly in an attempt to harass her or has engaged in any conduct the natural consequence of which is to

---

[2] Moore's reliance in her opposition brief on the case of CACH, LLC v. Askew, 358 S.W.3d 58 (MO 2012) as persuasive authority in support of her position is disingenuous. The CACH court ruled that an employee of a debt collector could not lay the foundation for a business record for a document created by another business. That is not the issue in present proceeding. Flynn's affidavit provides testimony about the procedures and business records created by his own company.

harass, oppress, or abuse Moore.[3]

To determine whether a debt collector's calls amount to harassment, annoyance or abuse, the volume of calls must be examined along with the pattern in which they were made and whether or not they were accompanied by oppressive conduct. See Udell v. Kansas Counselors, Inc., 313 F. Supp.2d 1135, 1143–44 (D. Kan. 2004). Plaintiffs carry the burden of showing that Defendants' calls were in violation of 15 U.S.C. § 1692d. Kerwin v. Remittance Assistance Corp., 559 F. Supp.2d 1117, 1124 (D. Nev. 2008). "Debt collectors do not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct (threatening messages)." Pugliese v. Professional Recovery Service, Inc., 2010 WL 2632562, 10 (E.D. Mich. 2010). "Any call from a debt collector may be presumed to be unwelcome, but that alone is insufficient to constitute a violation of the FDCPA." Martin v. Select Portfolio Serving Holding Corp., 2008 WL 618788, 6 (S.D. Ohio 2008)

---

[3] In her opposition motion, Moore asserts that a ruling on this claim should be stayed to allow Moore the chance to depose CCB's corporate representative to see if the calls were made with th intent to harass Moore. She does not assert that she sought such a deposition but was rebuffed by CCB. I note that after CCB filed its motion for summary judgment, Moore moved for an extension of time to file her opposition brief so that she could conduct further discovery including taking depositions. Moore requested a two month extension to complete this discovery. I granted Moore's motion with an additional month (for a total of three months) until July 2, 2012 to complete her discovery and to file her opposition. During this extension period Moore made no effort to depose a CCB representative. Moore did not file any further motions seeking additional time to complete depositions. The first time she raised the issue was in her opposition brief. Moreover, discovery in this matter was still open when Moore filed her opposition brief. The discovery completion deadline date was on September 28, 2012. Moore was free to notice up such a deposition after she filed her opposition brief. Nothing in the file indicates that Moore ever requested the deposition she says she needs before the close of discovery. Furthermore, Moore chose not to depose CCB's corporate representative before filing her opposition brief. Moreover, it is unlikely that Moore would uncover any intent to harass evidence from CCB's corporate representative.

Many courts have found that when a debtor is called numerous times without any other oppressive conduct the debtor fails to state a claim under 1962d. See Pugliese, 2010 WL at 10 (finding no harassment when debt collector made 350 calls over an eight-month period, only ten calls resulted in conversations, the remaining calls were not answered because plaintiffs recognized the number as the debt collector's); Saltzman v. I.C. System, Inc., 2009 WL 3190359, 7 (E.D. Mich. 2009)(in case where plaintiff produced a log showing debt collector made sixty calls in a one-month period, sometimes several times a day, fifty of which went unanswered, court found the calls did not violate FDCPA); Carman v. CBE Group, Inc., 782 F. Supp.2d 1223, 1227 (D. Kan. 2011)(seven calls per day for a total of 149 calls over a two month period did not violate FDCPA).

The fact that CCB called Moore's number 65 times over a five month period (sometimes up to three calls in one day) is insufficient evidence on its own to establish a violation of § 1692d. Moore does not offer any evidence that these calls were made with the intent to harass. Making legitimate, persistent efforts to contact a debtor does not violate the FDCPA. Pugliese, 2010 WL at 10. As a result, CCB is entitled to summary judgment on this claim.

*CCB hid its identity and caused Moore to incur costs on her cell phone*

Moore's complaint also asserts that CCB caused charges to be made to Moore for communications by concealment of the true purpose of the communication in violation of § 1692f(5). That rule prohibits "[c]ausing charges to be made to any person for communications by concealment of the true purpose of the communication."

In her deposition, Moore states that she never answered any of the call from CCB or returned CCB's calls. [Doc. # 30, Ex. C, Pl.'s Dep. at 31-32] She stated that she did not answer or return CCB's calls because she assumed the calls were made from a debt collector. Moore

states that messages were left on her voice mail which gave a persons name and asked her to return the call regarding an important business matter. [Id. at 31-36] She did not retain these voice mails and never returned any of these calls to see if they were made by CCB. She assumed the calls were about a debt collection. [Id. at 38] At the time these calls were made Moore had up to five debt collectors calling her. [Id. at 38-39] Based on this evidence, Moore is unable to establish that CCB was concealing the true purpose of its calls. Moore stated that she did not return the calls because she assumed they were from debt collectors.[4]

Moreover, Moore cannot establish that she was charged for any of the calls CCB made to her cell phone. In her deposition she stated that she paid a flat rate for cell phone service and was only charged if she exceeded her minutes. [Id. at 34] She stated that she did not know if the calls made by CCB made her go over her minute limit resulting in an additional charge. [Id.] In her post-deposition affidavit Moore tells a different story. She asserts that she is charged for "the calls I receive, calls I make, and calls that go to voicemail." [Doc. # 30, Ex. A, Pl.'s Aff. ¶ 13] Moore's affidavit contradicts her deposition testimony and cannot be used to create an genuine issue of material fact. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1366-1367 (8th Cir. 1983).

---

[4] In a post-deposition affidavit submitted with her opposition brief Moore attempts to show that the phone messages were indeed left by CCB and she did not know the phone messages concerned an effort to collect a debt. [Doc. # 30, Ex. A, Pl.'s Aff. ¶ 14] That contradicts her deposition testimony that she never returned the call to see if the messages were left by CCB and that she assumed they were for debt collection which is why she did not return the calls. A party may not create an issue of fact by contradicting her deposition testimony in a later filed affidavit. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1366-1367 (8th Cir. 1983) ("A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.")

Moore also states in her affidavit that she cannot determine the amount of the charges caused by CCB because she has not been able to retrieve her cell phone records. [Doc. # 30, Ex. A, Pl.'s Aff. ¶ 16] Moore had ample time since the beginning of this lawsuit to retrieve such records, if any exist, which shows such charges. As a result, Moore does not offer any evidence that she incurred any charges based on CCB's calls. Because Moore failed to present any evidence that CCB concealed the true purpose of its calls and that she incurred a charge as a result of the calls, summary judgment is appropriate on this claim.

### *Moore's claims under the FDCPA*

Moore alleges in her complaint that CCB violated the TCPA by using an automatic dialing system to place non-emergency calls to Moore's cellular phone without her express consent causing Moore to be charged for incoming calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii). [Compl. at ¶ 22(a)]

In its motion for summary judgment CCB has submitted an affidavit of John A. Lair, the Manager of the Credit and Collection Department of the Laclede Gas Company.[5] An additional affidavit by Lair was submitted with CCB's reply brief. In these affidavits Liar states that in his position he is familiar with the business records regarding Moore's account with Laclede which was placed with CCB for collection. Laclede provided Moore's account information to CCB which included Moore's cell phone number. Laclede's records show that Plaintiff called Laclede to discuss her account on August 24, 2009. Her cell number was given to Laclede on that date as a contact number. Laclede has not changed Moore's number on the account since that date.

---

[5] I note that Moore challenges Lair's affidavit and Moore's account documents attached to it on the same grounds it challenged Flynn's affidavit discussed supra. I have reviewed Lair's affidavit and attachments and find that they are properly submitted under Under Fed. R. Civ. P. 56(c)(B)(4) and Fed. R. Evid. 803(6).

When Laclede placed the account with CCB on May 9, 2011 for collection, that is the number Laclede provided to CCB.

The Federal Communications Commission has made a declaratory ruling that prior express consent to call a consumer's cellular telephone number is satisfied when a consumer provides her cellular number to a creditor.  In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564-565 (2008).[6]  In, addition, the FCC has ruled that "[c]alls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call."  Id.  See Adamcik v. Credit Control Services, Inc., 832 F. Supp.2d 744, 748 (W.D. Tex. 2011)(providing cell phone number to creditor constitutes prior express consent to use autodialer calls related to debt collection efforts made by creditor's debt collector);  Brook v. Suncoast Schools, FCU, 2012 WL 6059199, 4 (M.D. Fla. 2012)(the provision of a cell phone number to a creditor reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt).

CCB has presented evidence that Moore gave her cell phone number to Laclede on August 24, 2009.  Laclede in turn provided this contact number to CCB.  In her deposition Moore stated that she contacted Laclede and put the gas service in dispute in her name in 2004.  [Doc. # 30, Ex. C, Pl.'s Dep. at 42]   Moore stated further that she never called Laclede to discuss

---

[6] The applicable part of the ruling states: "Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party,[FN33] we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.
Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.  In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564-565 (2008).

her account and never gave Laclede her cell number.  [Id. at 42-43]  But she could not recall if she ever received calls from Laclede. [Id. at 48].  In her post-deposition affidavit, Moore states that she cannot recall any phone conversations she had with Laclede.  [Doc. # 30, Ex. A, Pl.'s Aff. ¶ 5]  In contradiction to her deposition testimony, Moore states emphatically in her affidavit that Laclede never called her from 2008 through 2012.  [Id. at ¶ 4]

    CCB asserts that when the record on this issue is viewed as a whole, including the testimony and the business records of Laclede, and Moore's contradictory assertions, that she does not recall receiving calls from Laclede in her deposition to saying she never received calls from Laclede in her affidavit, that no rational trier of fact could find in Moore's favor on the issue of consent.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.")(internal quotation omitted).

    CCB asserts that the evidence shows that Moore obtained her cell number in 2008 and that Laclede's contemporaneous business records indicate that on August 24, 2009, Moore spoke to Laclede and her cell number was provided to Laclede on that date which establishes that Moore provided the number to Laclede.  Laclede updated Moore's phone number in the normal course of business on August 24, 2009 and provided that number to CCB in May 2011.  CCB asserts that Moore's equivocation in her 2012 deposition that she could not recall any calls Laclede may have made to her juxtaposed to her blanket unequivocal denial in her 2012 post-deposition affidavit would not lead a rational trier of fact to find for Moore.

    I find that the issue of whether Moore provided Laclede with her cell number is an issue of material fact which precludes summary judgment on Moore's TCPA claim.

    I note that in her complaint, Moore asserts that the CCB violated the TCPA by placing

calls to her cell phone causing Moore to be charged for the calls. Neither party has addressed whether Moore must prove that she incurred a charge to prevail on her TCPA claim.

So two issues remain in this matter. First is the factual issue of whether Moore provided Laclede with her cell phone number. Second is the legal issue of whether Moore must show she was charged for the calls.

Because this case is set for a bench trial, I propose that the parties can submit the case to me to resolve the first issue on the record. A trial on the record will promote judicial economy in this matter. The legal issue of whether Moore must show she was charged for the calls is an issue of law which I will resolve with supplemental briefs. If the parties consent to submitting Moore's TCPA claim to me on the record I will allow them to supplement the record on the issue of consent.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant CCB Credit Services, Inc.'s motion for summary judgment [#18] is **GRANTED in part** as to Moore's claims under the Fair Debt Collection Practices Act.

**IT IS FURTHER ORDERED that** the parties shall file simultaneous supplemental briefs, no later than **February 1, 2013**, addressing whether Moore must prove in her TCPA claim that she incurred charges on her cell phone as a result of CCB's calls.

**IT IS FURTHER ORDERED that** the parties shall notify the Court, no later than **February 8, 2013**, if they agree to submit the case on the record. If the parties both consent to submit this case to me for a ruling on the record, they may submit any additional affidavits, deposition excerpts, or other evidence in support of their positions regarding the issue of whether

Moore provided CCB with her cell phone number. no later than **February 22, 2012**.

      **IT IS FURTHER ORDERED that** if both parties do not consent to submitting the case to me on the record, a bench trial of Moore's remaining TCPA claim will be held on **April 8, 2013 at 9:00 a.m.** in Courtroom 16 South.

                                         _/s/ Rodney W. Sippel_
                                         RODNEY W. SIPPEL
                                         UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2013.